UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **EP Technology Corporation, USA**, | Bankruptcy No. 19-90927 |
| | Honorable Mary P. Gorman |
| Debtor. | |

### DEBTOR'S MOTION FOR AN ORDER (A) RESCHEDULING HEARING SET AT ECF DKT. NO. 101 AND (B) GRANTING RELATED RELIEF

The above-captioned debtor and debtor in possession (the "**Debtor**") respectfully states as follows in support of this motion:

### RELIEF REQUESTED

1. By this motion, the Debtor seeks entry of an order (a) rescheduling the hearing on the Debtor's *Motion for Entry of an Order (A) Extending the Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [ECF. Dkt No. 97] (the "**Exclusivity Motion**") and *Motion for Entry of an Order (A) Extending the Time Within Which the Debtor Must Assume or Reject Unexpired Leases of Nonresidential Real Property and (B) Granting Related Relief* [ECF. Dkt. No. 98] (the "**365(d)(4) Motion**") from February 12, 2020 to a date on or before January 20, 2020; and (b) granting related relief.

### JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory bases for relief is section 365(d)(4) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**").

## BACKGROUND

5. The Debtor is a wholesale distributor and on-line retailer of surveillance video products, such as pan-tilt-zoom security surveillance cameras, camera monitoring systems, and do-it-yourself surveillance products. The Debtor operates from an office, retail and warehouse facility located in Champaign, Illinois. The Debtor's customers are located throughout the United States.

6. On September 23, 2019 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois, Urbana Division. Thereby commencing case no. 19-90927. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 9, 2020, the Debtor filed the Exclusivity Motion and the 365(d)(4) Motion and served those motions on January 10, 2010 [ECF. Dkt. No. 100].

8. On January 10, 2020, the clerk set a hearing date on the Exclusivity Motion and the 365(d)(4) Motion for February 12, 2020.

9. Due to the deadlines set forth in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, the Debtor needs to obtain an order for both the Exclusivity Motion and the 365(d)(4) Motion before January 21, 2020. *See* 11 U.S.C. §§1121(b), and 365(d)(4); Fed. R. Bankr. P. 9006(b)(1).

10. If the motions are set to be heard after January 18, 2020, there will be ample notice to creditors to respond.

## THE NEED TO RESCHEDULE

11. As noted in the Exclusivity Motion, the chapter 11 plan filing exclusivity deadline will expire under Bankruptcy Code section 1121(b) on January 21, 2020 absent further order of the court.

12. As noted in the 365(d)(4) motion, the Debtor has an initial 120-day period to assume or reject the Unexpired Leases pursuant to section 365(d)(4) of the Bankruptcy Code, which period will expire on January 21, 2020 absent an extension.

13. For these reasons, the Debtor needs a hearing on these motions sooner than February 12, 2020.

## BASIS FOR RELIEF

14. Every court has the inherent power "to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (2005) (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936)).

15. The Debtor submits that there is good reason to reschedule the hearing the Exclusivity Motion and the 365(d)(4) Motion given the circumstances of this case. The Debtor will have provided sufficient notice of the motions to creditors and other parties in interest if the hearing is moved to a date on or around January 20, 2020. In contrast, failure to move the hearing could result in irreparable harm to the Debtor and its estate if the Debtor's leases are automatically rejected or its filing exclusivity right terminated.

## NOTICE

16. Notice of this motion is being provided to: (a) counsel to the Office of the United States Trustee for the Central District of Illinois Eastern Division, (b) counsel to UPS Capital Corporation, (c), all creditors in the Debtor's creditor matrix, and (d) any parties requesting notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice of this motion is required.

[*Remainder of page left intentionally blank*]

**Wherefore**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 10, 2020

Respectfully submitted,

By: /s/ *Angela M. Snell*
Attorney for the Debtor

William J. Factor (6205675)
Angela M. Snell (6307044)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email: wfactor@wfactorlaw.com
       asnell@wfactorlaw.com

# EXHIBIT A

## Proposed Order

{00159296}