UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In re:<br><br>**EP Technology Corporation USA,**<br>Debtor. | Chapter 11<br><br>Bankruptcy No. 19-90927<br><br>Honorable Mary P. Gorman |

**DEBTOR'S MOTION FOR ENTRY OF (I) AN ORDER APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (II) GRANTING RELATED RELIEF**

EP Technology Corporation USA (the "**Debtor**"), debtor and debtor in possession herein, by and through its undersigned counsel, requests the entry of: (I) an order approving the sale of certain of the Debtor's assets free and clear of claims, liens, and encumbrances; and (II) granting related relief. In support of this motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Central District of Illinois (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein is section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**I.    Background**

4. The Debtor is a wholesale distributor and on-line retailer of surveillance video products, such as pan-tilt-zoom security surveillance cameras, camera monitoring systems, and do-it-yourself surveillance products. The Debtor operates from an office, retail and warehouse facility located in Champaign, Illinois. The Debtor's customers are located throughout the United

States.

5.     On September 23, 2019 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of Illinois, Urbana Division. The Debtor is operating its business and managing its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     Prior to the Petition Date, the Debtor held certain inventory including cameras, camera systems, and their respective components. A list of the equipment is attached hereto as **Exhibits A and B** to **Exhibit 1** (collectively, the "**Sale Property**"). Each component of the Sale Property is at least two years old and includes outdated software and design and cannot be repurposed for the Debtor's purposes. For these reasons, the Debtor has not been able to sell this equipment through its normal channels. Typically, the Debtor sells its products through third parties, such as Amazon, that then sell the products directly to consumers.

A.  **The Sale Property.**

7.     The Debtor is offering for sale the Sale Property, as described in more detail in the exhibits attached to the sale agreement (the "**Agreement**") attached hereto as **Exhibit 1**.

B.  **Prepetition Secured Indebtedness.**

8.     As of the Petition Date, the Debtor's capital structure consisted of obligations under an outstanding credit facility in the amount of approximately $24.5 million, pursuant to that certain Loan and Security Agreement dated August 17, 2012 (as amended, restated, supplemented, or otherwise modified from time to time prior to the Petition Date, the "**Credit Facility**") by and between the Debtor and UPS Capital Corporation ("**UPS**"). The Credit Facility is secured by a lien on the Debtor's inventory, including the Sale Property, accounts receivable, and inventory in transit.

**C. Cash Collateral and DIP Financing.**

9. Shortly after the Petition Date, the Debtor filed a motion pursuant to which it sought, among other things, the use of the cash collateral of UPS (the "**Cash Collateral**"). The Court has entered seven interim orders providing for the consensual use of Cash Collateral. Ecf. Dkt. Nos. 19, 57, 74, 91, 13, 145, and 173. Pursuant to those orders, UPS has been granted a replacement lien on its prepetition collateral.

10. Additionally, in connection with the consensual use of the Cash Collateral, the Debtor, at the request of UPS, agreed to pursue a sale of the Sale Property. The proceeds of the sale will be used in part to pay down the Debtor's obligations to UPS.

**D. The Sale Process.**

11. Following the Petition Date, the Debtor attempted to sell the Sale Property in various ways including selling individual pieces at a steep discount through an app. Despite those efforts, the Debtor was unable to sell the Sale Property and accordingly pursued other avenues for sale. In particular, the Debtor, together with its financial advisor, Lunch Pail Capital LLC ("**LPC**") contacted entities providing asset disposition services such as Gordon Brothers and the Great American Group. Those entities would agree only to assist the Debtor in liquidating the property in exchange for fees and other expenses. Given those costs, the Debtor believes it would obtain less than $3 million for the Sale Property.

12. The Debtor then contacted secondary market buyers including iSmart Alarm, NE Entertainment, Mediocre, & Insteon Distribution. The Debtor received no response from certain of these entities and the others offered 10-15% of the value of the Sale Property.

13. The Debtor also reached out to Guangzhou Boguan Optoelectronics Technology Co. (the "**Buyer**"), also known as Bosma Technology, as part of this process. The Buyer is a multi-national corporation that sells, among other things, cameras and home surveillance equipment.

After weeks of negotiations, the Debtor and the Buyer agreed on the terms of a sale of the Sale Property. The key terms of that agreement include:[1]

- <u>Buyer</u>: Guangzhou Boguan Optoelectronics Technology Co.
- <u>Seller</u>: EP Technology Corporation USA
- <u>Purchase Price</u>: $3,260,000.00
- <u>Deposit</u>: $100,000 payable within 15 days of entry into agreement. Refundable only if Debtor unable to consummate sale for reasons outside of its control.
- <u>Payment Timing</u>: $1,080,000 payable within 45 days after signing. $2,080,000.00 payable within 90 days of signing.
- <u>Security Interests</u>: UPS retains a security interest in the Sale Property until paid in full. Any and all claims, liens, interests and encumbrances of UPS with respect to the Sale Property shall attach to the proceeds of the sale of the Sale Property in the same validity, extent and priority as existed immediately prior to the sale, and upon the Debtor's receipt of any proceeds of the sale of the Sale Property, the Debtor shall immediately remit to UPS all such proceeds to be applied as a partial paydown of the principal amount owing by the Debtor to UPS.

14. The Debtor believes the proposed sale provides the highest and best recovery for the Debtor's estate. It will also provide much needed liquidity to the Debtor in exchange for relieving the Debtor of the burden of continued storage of outdated and unsellable equipment. For these reasons, the Debtor respectfully requests that the Court approve the sale of the Sale Property.

**Basis for Relief**

**A. The Sale Satisfied the Business Judgment Rule.**

15. Section 363 of the Code provides that the Debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). To approve the use, sale or lease of property outside the ordinary course of business, there must be some "articulated business justification." *See Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (internal citation omitted);

---

[1] The terms described herein are summary in nature. The actual terms of the Agreement control in all respects.

*In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983); *see also Stephens Indus., Inc., v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012); *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991).

16. Once a valid business justification made in the ordinary course of business is established, "[t]he business judgment rule is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re S.N.A. Nut Co.*, 186 B.R. 98 (Bankr. N.D. Ill. 1995) (internal citation omitted); *see also In re Johns-Manville Corp.*, 60 B.R. 612, 615-616 (Bankr. S.D.N.Y. 1986) ("a presumption of reasonableness attaches to a debtor's management decisions"). Similarly, a court will defer the debtor's judgment to make a sale outside the ordinary course of business pursuant to Section 363, when the debtor has "sound business reasons for making the sale." Schipper, 933 F.2d at 515.

17. Indeed, a debtor-in-possession "has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to great judicial deference as long as a sound business reason is given." *Efoora*, 472 B.R. at 481. Therefore, the relief requested in this Motion should be granted if the Debtor demonstrates a sound business justification therefor. *See Schipper*, 933 F.2d at 515; *Lionel Corp.*, 722 F.2d at 1071; *Del. Hudson Ry.*, 124 B.R. at 179.

18. As explained above, the Debtor has sound business justifications for selling the Sale Property at this time. The assets are not increasing in value and the sale to the Buyer will provide the Debtor with liquidity in the near term.

19. Based upon these factors and those discussed above, the Debtor has demonstrated a sound business justification for the proposed sale of the Sale Property.

B. **The Sale Satisfies the Requirements of Code Section 363(f) for a Sale Free and Clear of Liens, Claims, Encumbrances, and Interests.**

27. Under Section 363(f) of the Code, a debtor in possession may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(1) Applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) Such entity consents;
(3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) Such interest is in bona fide dispute; or
(5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

28. Because Section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will be sufficient to permit the sale of the Sale Property free and clear of any and all Interests. *See In re Terrace Chalet Apartments, Ltd.*, 159 B.R. 821, 827 (N.D. Ill. 1993).

29. Here, UPS has consented to the sale of the Sale Property. Accordingly, the sale should be approved under Section 363(f).

C. **The Asset Sale Satisfies the Requirements of Code Section 363(m) for a Sale Made in Good Faith.**

30. Section 363(m) reflects that the Code strongly favors finality of sale orders, and the protection of good-faith purchasers maximizes the value of the assets for sale, which benefits both debtors and creditors. *See Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 938 (7th Cir. 2006).

31. "The requirement that a purchaser act in good faith, of course, speaks to the *integrity of his conduct in the course of the sale proceedings*. Typically, the misconduct

that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1995, 1198 (7th Cir. 1978)).

32.     In the present case, the terms of the sale were negotiated at arms' length and in good faith and the Buyer is offering a price higher than any offer the Debtor received.

### Notice

33.     The Debtor has provided a copy of this Motion and all exhibits to the following persons: (a) the Office of the United States Trustee; (b) counsel for UPS; (c) counsel to the Buyer; (d) all creditors of the Debtor; and (e) all other entities that have filed requests for notices pursuant to Rule 2002 of the Bankruptcy Rules.

34.     Under the circumstances present in this Chapter 11 Case, the Debtor requests that the foregoing notice be deemed adequate and reasonable under the Code and Bankruptcy Rules.

[*Remainder of page left intentionally blank*]

**Wherefore**, the Debtor respectfully requests an order (I) approving the sale of certain of the Debtor's assets free and clear of claims, liens, and encumbrances; and (II) granting related relief

Dated: July 1, 2020                                   **EP Technology Corporation USA**

                                                      By: /s/ *Angela M. Snell*
                                                      One of Its Attorneys

William J. Factor (6205675)
Angela M. Snell (6307044)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-6976
Fax:     (847) 574-8233
Email: asnell@wfactorlaw.com